IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DERRICK KINGSLEY WALKER,<br><br>                              Petitioner<br><br>           VS.<br><br>DON JARRIEL, WARDEN<br><br>                              Respondent | NO.  3:09-CV-63 (CDL)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Petitioner Derrick Kingsley Walker has filed a petition herein seeking federal habeas corpus relief.  Tab #1.  Respondent Don Jarriel has responded and filed a motion seeking to dismiss the petition contending that it is, *inter alia*, untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Tab #15.  Petitioner Walker has responded to the motion.  Tab  #22.

### LEGAL STANDARD

The AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

FACTUAL AND PROCEDURAL HISTORY

On July 1, 1999, following a jury trial in Athens-Clarke County, Georgia, petitioner Derrick Kingsley Walker was found guilty of armed robbery, kidnapping, and four counts of aggravated assault. He was sentenced to life imprisonment for the armed robbery plus 20 years consecutive for each count of aggravated assault and kidnapping. On July 19, 1999 petitioner Walker filed a Motion for New Trial. That motion was denied on June 27, 1999. Thereafter, petitioner Walker appealed his conviction in the Georgia Court of Appeals; his convictions were affirmed on August 1, 2001.[1] Walker then sought reconsideration of that decision. The request for reconsideration was denied on August 16, 2001. On August 28, 2001, Walker petitioned the Georgia Supreme Court for a writ of certiorari; his petition for certiorari was denied on February 11, 2002.

On February 13, 2006, petitioner Walker filed a *state* habeas corpus petition challenging his Athens-Clarke County convictions. **The state habeas corpus court has yet to issue its decision**. Meanwhile, on July 16, 2008, he filed an Extraordinary Motion for New Trial. This motion was denied on September 29, 2008. Petitioner Walker sought a discretionary appeal of this denial on October 23, 2008; his request was denied on November 21, 2008. Thereafter, on April 29, 2009, petitioner Walker executed the instant federal petition. Respondent Jarriel responded to the petition and moved to dismiss the same as unexhausted and untimely under the AEDPA.

---

[1] The Georgia Court of Appeals affirmed Petitioner's convictions and sentences except for one of the counts of aggravated assault, which the court vacated. See *Walker v. State*, 251 Ga. App. 217, 553 S.E.2d 319 (2001).

DISCUSSION

In his motion seeking dismissal, respondent Jarriel avers that petitioner Walker's conviction became final on May 13, 2002, the date on which the ninety (90) day period to seek certiorari review in the United States Supreme Court expired.[2] According to the respondent, because the petitioner waited until February 13, 2006 to file his **state** habeas action, there was no time left to toll or in which to timely file a federal petition. As such, respondent Jarriel concludes that the instant petition is clearly untimely and should therefore be dismissed.

In response to the assertion of untimeliness, petitioner Walker argues that his federal petition was statutorily timely, or in the alternative, that he is entitled to equitable tolling on the basis of newly discovered evidence. This new evidence consists of the affidavit of an ex-lover of the petitioner. In this affidavit, the petitioner's ex-lover affies that she put PCP into the petitioner's drink while partying at an Athens, Georgia nightclub hours before the crimes were committed. Furthermore, the ex-lover admits that she did so without the petitioner's knowledge. As the petitioner's unsuccessful defense at trial was one of intoxication, albeit from heroin and alcohol which he admitted he voluntarily consumed, he now argues that it was the PCP which led him to commit the crimes. Upon this basis, petitioner Walker filed an extraordinary motion for new trial the following day which, as noted above, was ultimately denied.[3]

---

[2] The 90th day fell on Sunday, May 12, 2002.

[3] In the order denying the petitioner's Extraordinary Motion for New Trial, the trial court, after outlining the relevant legal standards, found that the evidence was not newly discovered as (1) the petitioner had claimed at trial that some other unidentified drug which may have been mixed with the heroin caused his "outrageous and bizarre" criminal behavior, (2) there is no indication that the ex-lover was unavailable for interviewing before trial or examination at trial, and (3) there is no indication that this evidence would result in a different verdict.

In addition to the new evidence argument, petitioner Walker also contends that equitable tolling in this case is appropriate on the basis of his appellate attorneys alleged abandonment. The abandonment, according to the petitioner, is evinced by the fact that the attorneys failed to advise him of the relevant period of limitations.[4] The petitioner contends that this failure on the part of his attorneys constitutes an extraordinary circumstance which he could not control "in spite of his diligent efforts to procure timely and accurate information from his attorneys to ensure his timely filing of a federal petition."

Having read and considered the petitioner's arguments on equitable tolling, the undersigned finds the arguments to be without merit. When a litigant seeks equitable tolling, he bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 98 (1990). Petitioner Walker has simply not established either of these elements.

With regard to the argument that the federal petition was timely filed according to the provisions of the AEDPA, it appears that the petitioner contends that the date he discovered the new evidence can properly be classified as the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence pursuant to 28 U.S.C. §2244(d)(1)(D). The petitioner is mistaken. This is because his claims of diligence with respect to this issue are obviously unfounded. Accordingly, the petitioner's application of this provision of the AEDPA to the instant action is improper.

---

[4]In a letter dated October 10, 2000, the petitioner's appellate attorneys informed him that they would appeal the conviction to the Georgia Supreme Court by *writ of certiorari* but after that, the petitioner would be on his own. This application for cert was denied on February 11, 2002. The conviction became final on May 13, 2002. It simply cannot be said that the petitioner's decision to wait until February 13, 2006 to file a state habeas action was caused by his former attorneys' actions.

In view of the above, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The time elapsed between the petitioner's conviction becoming final and the filing of the petitioner's state habeas action totaled three (3) years, nine (9) months, and one (1) day.  This amount of time clearly exceeds the one-year period of limitations.   Thus, petitioner Walker's subsequently filed federal habeas petition is untimely.  Accordingly, the instant motion seeking dismissal should be **GRANTED** and the instant petition for habeas corpus **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.  The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 21st day of OCTOBER, 2009



                            CLAUDE W. HICKS, JR.
                            UNITED STATES MAGISTRATE JUDGE